# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THAYER JOSEPH BURTON, JR.,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:16-cv-00521-APG-NJK

**ORDER**

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by Thayer Joseph Burton, Jr., a Nevada prisoner. On May 10, 2017, respondents filed a motion to dismiss in response to Burton's first amended habeas petition (ECF No. 15), arguing that several of Burton's habeas claims are partially or completely unexhausted and that five of his claims fail to state a cognizable claim for federal habeas relief. ECF No. 26. Burton filed a response in which he opposes respondents' arguments with respect to some of his claims, but concedes to their arguments with respect to other claims. ECF No. 29.

  I. EXHAUSTION

Respondents argue Burton has failed to exhaust state court remedies for the following claims in his federal habeas petition: Claims 8 (partial), 13 (partial), 14 (partial), 16 (partial), 18, 19, 20, 21, 22, and 23 (partial). Burton concedes that Claims 20, 21, and 22 are unexhausted and that Claim 18

is not a federally cognizable claim. Thus, the court will analyze Claims 8 (partial), 13 (partial), 14 (partial), 16 (partial), 19, and 23 (partial) under the exhaustion doctrine.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

*Claims 8 (partial) and 13 (partial)*

In Claim 8, Burton alleges that his constitutional rights were violated by the trial court's refusal to allow a mental health expert (Dr. Paglini or Dr. Glovinsky) to testify during the penalty

phase of his trial. Claim 13 is a claim that Burton received ineffective assistance of counsel, in violation of his constitutional rights, because trial counsel failed to properly notice Paglini or Glovinsky as an expert witness for the penalty phase of his trial. Respondents argue that these claims are unexhausted as to Glovinksy because Burton's arguments to the Nevada Supreme Court referenced only Paglini.

According to Burton, Paglini was originally retained to provide the testimony, but due to unexpected changes in the trial schedule, Paglini was unavailable on the day he was to testify, so counsel tried to have Glovinsky prepared to provide the same testimony. ECF No. 15, p. 6 n.2. It does not appear that the Nevada Supreme Court's consideration and disposition of the claim would have differed if Burton had included Glovinsky in his state court arguments. *See Burton v. State*, No. 54170, 2012 WL 1994984, at *6 (Nev. June 1, 2012); *Burton v. State*, No. 66935, 2015 WL 6163919, at *1 (Nev. Oct. 16, 2015). Thus, Claims 8 and 13 are either exhausted or any failure to exhaust is excused. *See Lynce v. Mathis*, 519 U.S. 433, 436 n. 4 (1997) (excusing petitioner's failure to exhaust as futile where Florida Supreme Court had recently decided the same issue and respondents "have not suggested any reason why the Florida courts would have decided petitioner's case differently").

*Claim 14 (partial)*

In Claim 14, Burton alleges that his constitutional rights were violated when his trial counsel invited the State to comment on his right to remain silent and failed to object when the State did so. Respondents argue the claim is partially unexhausted because, while Burton alleged ineffective assistance based on counsel's inviting the State's comments, he did not do so based on counsel's failure to object to the comments.

This court disagrees. Although the primary focus of Burton's argument to the Nevada Supreme Court was the court's prior finding that counsel invited the State to comment on Burton's

3

right to remain silent, the argument also faulted counsel for failing to object to the comments. ECF No. 20-2, p. 59-63. Claim 14 is completely exhausted.

*Claim 16 (partial)*

In Claim 16, Burton alleges that he received ineffective assistance of counsel, in violation of his constitutional rights, because trial counsel failed to competently investigate cellular phone cell site data which would show that he was not at the scene of the crime. Respondents argue that the claim is partially unexhausted because it adds an additional component that was not presented to the state courts – i.e., that counsel was ineffective for not investigating the whereabouts of Burton himself.

Having reviewed the relevant portions of the state court record, this court is not convinced that Burton has alleged facts in support of Claim 16 that place the claim in a significantly different posture than it was in the state courts. Instead, it appears that the question before the court, when it reaches the merits of Claim 16, will be whether evidence cited in support of the claim was contained in the state court record when the state court adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (federal habeas review of a state court proceeding is generally limited to the record that was before the state court). Thus, Claim 16 is exhausted, but this court may not be able to consider all the evidence Burton references in support of the claim.

*Claim 19*

In Claim 19, Burton alleges that his constitutional rights were violated because his trial counsel and the trial court made no record of the exercise of venire strikes during the trial, his trial counsel failed to analyze the jury questionnaires at the time of his *Batson* challenge, and appellate counsel failed to analyze the jury questionnaires on direct appeal or address the absence of a record of strikes on direct appeal. Respondents correctly note that, while it is related to the *Batson* claim Burton raised on direct appeal, Claim 19 was never presented to the Nevada courts as an independent claim. Burton admits that the allegations in support of the claim should have been

consolidated with Claim 7 (his *Batson* claim) rather than be "set out as an independent claim." ECF No. 29, p. 6. Thus, this court concludes that Claim 19 is unexhausted.

*Claim 23 (partial)*

In Claim 23, Burton alleges that he is entitled to habeas relief due to the cumulative errors set forth in his amended petition. Respondents contend this claim is unexhausted to the extent that it incorporates claims in the petition that remain unexhausted. Burton agrees that he should be permitted to incorporate only exhausted claims into this claim. *Id.*, p. 6-7. Thus, that is how the court shall treat this claim when ruling upon its merits.

## II. COGNIZABILITY

Respondents argue that Claims 4, 5, 9, 17, and 18 fail to state a cognizable claim for federal habeas relief. Burton concedes that respondents are correct with respect to Claims 9 and 18, but disputes the cognizability of Claims 4, 5, and 17.

*Claim 4*

In Claim 4, Burton alleges that his constitutional rights were violated by the admission, at trial, of improper, inadmissible, and unqualified testimony on blood spatter evidence from the State's crime scene analyst (CSA), Randall McPhail. Specifically, Burton alleges that McPhail was permitted to provide opinion testimony without qualifying as an expert witness. Respondents argue that the claim cannot serve as a ground for federal habeas relief because it is predicated on state law.

Respondents are correct that a state law error in a state court's evidentiary ruling fails to state a cognizable claim on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (finding issues regarding state law are not cognizable on federal habeas corpus review and it is not the province of the federal habeas court to re-examine state-court determinations on state-law questions). To the extent Burton argues that the state court's evidentiary ruling violates the federal Due Process Clause, his claim must fail because "[u]nder AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal

habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir. 2009) (citation omitted). No Supreme Court precedent holds that the erroneous admission of expert testimony violates the Due Process Clause. Thus, Claim 4 will be dismissed.

*Claims 5 and 17*

In Claim 5, Burton alleges that his Sixth and Fourteenth Amendment right to confront witnesses was violated by the admission, at trial, of testimony that CSA McPhail's supervisor reviewed McPhail's report. According to Burton, he had a right, under the Confrontation Clause, to cross-examine McPhail's supervisor. In Claim 17, Burton alleges that his constitutional right to effective assistance of counsel was violated when his trial counsel elicited harmful testimony from McPhail – i.e., that McPhail's report was reviewed by a certified expert, his supervisor.

Respondents argue that the claims fail to allege that any hearsay evidence was introduced at trial or that McPhail's testimony indicated that his supervisor actually approved his report. Respondents also point out that, as with Claim 4, Claims 5 and 17 challenge the state courts' application of state rules.

Be that as it may, Claim 5 raises at least a colorable claim of a constitutional law violation. *See Bullcoming v. New Mexico*, 564 U.S. 647, 658-59 (2011) and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 323-25 (2009) (recognizing that "an analyst's certification prepared in connection with a criminal investigation or prosecution . . . is 'testimonial,' and therefore within the compass of the Confrontation Clause."). Claim 17 does so, as well. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (clarifying that counsel can "deprive a defendant of the right to effective assistance, simply by failing to render 'adequate legal assistance'"). Thus, the claims will not be dismissed for failure to state a cognizable federal habeas claim.

\ \ \

\ \ \

III. CONCLUSION

In addition to conceding that certain claims are unexhausted and/or fail to state claim upon which relief may be granted, Burton represents to the court that he will not seek a stay in order to exhaust unexhausted claims and will proceed herein only with respect to exhausted claims. ECF No. 29, p. 8-9. Accordingly, the court will set a schedule for the briefing of the merits of Burton's remaining claims.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 26) is GRANTED in part and DENIED in part. Claims 4, 9, 18, 19, 20, 21, and 22 are dismissed from the amended petition (ECF No. 15) for the reasons set forth above.

**IT IS FURTHER ORDERED** that respondents shall have **60 days** from the date of entry of this order to file and serve an answer to the remaining claims in the amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **60 days** from the date on which the answer is served on him to file and serve a reply.

Dated: February 9, 2018.

_____
UNITED STATES DISTRICT JUDGE